IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| HRV SANTA FE, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>JAY WOLF, JUNIPER INVESTMENT ADVISORS, LLC, JUNIPER REAL ESTATE, LLC, JUNIPER CAPITAL PARTNERS, LLC, JUNIPER BISHOPS MANAGER, LLC, JUNIPER BISHOPS, LLC, JUNIPER BL HOLDCO, LLC and JUNIPER BL PROPCO, LLC,<br><br>    Defendants<br><br>BL SANTA FE (HOLDING), LLC<br><br>    Nominal Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Defendants Jay Wolf, Juniper Investment Advisors, LLC, Juniper Real Estate, LLC, Juniper Capital Partners, LLC, Juniper Bishops Manager, LLC, Juniper Bishops, LLC, Juniper BL Holdco, LLC, and Juniper BL Propco, LLC (collectively, the "Defendants") by and through their undersigned counsel, hereby removes the above-captioned civil action, Case No. D-101-CV-2023-02904 (the "Action"), and all claims and causes of action therein, from the State of New Mexico, County of Santa Fe First Judicial District Court (the "State Court") to this Court, pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Notice of Removal, the Defendants respectfully state as follows:

## BACKGROUND

1. On December 15, 2023, HRV Santa Fe, LLC ("HRV") commenced the Action by filing the *Verified Derivative Complaint* (the "Derivative Complaint") on behalf of Nominal Defendant, BL Santa Fe (Holding), LLC ("BL Holding") against the Defendants.

2. Through the Derivative Complaint, HRV attempts to relitigate issues that were fully adjudicated by the Delaware Bankruptcy Court (defined below) in the Chapter 11 Bankruptcy Cases (defined below) of BL Santa Fe, LLC ("BL Santa Fe") and BL Santa Fe (Mezz), LLC ("BL Mezz" and together with BL Santa Fe, the "Debtors"), the wholly-owned subsidiaries of BL Holding.

## THE DELAWARE CHAPTER 11 CASES

3. On August 30, 2021 (the "Petition Date"), BL Santa Fe and BL Mezz filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court") commencing jointly administered chapter 11 cases (the "Chapter 11 Cases") styled as BL Santa Fe, LLC (Case No. 21-11190 (MFW)) and BL Santa Fe (Mezz), LLC (Case No. 21-11191 (MFW)).

4. Prior to the Petition Date, BL Holding held 100% of the membership interests in the BL Mezz, and BL Mezz held 100% of the membership interests in the BL Santa Fe. *See Declaration of Michael Norvet, President of Sole Member of the Debtors, In Support of Debtors' First Day Motions* [21-11190 (MFW), D.I. 14] ("Norvet Dec.") at ¶ 18. The Debtors' primary business purpose is to operate a luxury resort and hotel commonly known as Bishop's Lodge, located at 1297 Bishops Lodge Road, Santa Fe, New Mexico 87506 (the "Resort").

5. At all times relevant hereto, BL Holding is owned principally by: (i) Evolution RE Bishops Lodge, LP ("Evolution"); (ii) Nunzio DeSantis ("DeSantis"); (iii) BL Resort Investment, LLC ("BL Resort Investment"); and (iv) HRV Santa Fe, LLC ("HRV") (DeSantis, BL Resort Investment, HRV, and Evolution are collectively referred to as the "Members"). *Id.* at ¶ 19. Evolution, BL Resort Investment, and DeSantis at all times relevant hereto held a total of approximately 90.1% of the membership interests in BL Holding (BL Resort Investment, Evolution and DeSantis are collectively referred to as the "Majority Members"). *Id.* at ¶ 20

6. On the Petition Date, the Debtors filed the *Chapter 11 Plan of Reorganization of BL Santa Fe, LLC and BL Santa Fe (Mezz), LLC* [D.I. 12] (including all exhibits, schedules, appendices, and supplements thereto, and as amended, modified, or supplemented from time to time, the "First Plan").

7. On that same day, the Debtors filed the *Disclosure Statement Dated August 30, 2021 for Joint Prepackaged Chapter 11 Plan of BL Santa Fe, LLC and BL Santa Fe (Mezz), LLC* [D.I. 13] (the "Disclosure Statement")

8. On August 29, 2021, Evolution, BL Resort Investment, Alexander James Walter ("Walter"), Rebecca Walter Dunn Irrevocable Trust ("Trust Guarantor"), DeSantis (Evolution, BL Resort Investment, Walter, Trust Guarantor, and DeSantis are sometimes collectively referred to herein as the "Non-Debtor Affiliates" and each individually as a "Non-Debtor Affiliate"), DB Bishops Lodge LLC, a Delaware limited liability company (together with its successors and assigns, "Senior Lender"), and Juniper Bishops, LLC ("Mezzanine Lender" or "Juniper Bishops") together with Senior Lender, the "Non-Debtor Parties" and each individually as a "Non-Debtor Party") entered into that certain *Restructuring Support Agreement* (the "RSA") wherein the Non-

Debtor Affiliates and the Non-Debtor Parties agreed, in principle, to the transaction detailed in the Plan (defined below).

9. On October 14, 2021, the Debtors filed the *Notice of Filing of (I) Revised Chapter 11 Plan of BL Santa Fe, LLC and BL Santa Fe (Mezz), LLC and (II) Blackline Thereof* [D.I. 140] (including all exhibits, schedules, appendices, and supplements thereto, and as amended, modified, or supplemented from time to time, and together with the First Plan, the "Plan").

10. The Plan generally provides for BL Mezz to convey 100% of the membership interests in BL Santa Fe to Juniper BL HoldCo, LLC ("JBL HoldCo"), which is a wholly owned subsidiary of Juniper Bishops. In return: (i) the loan between Juniper Bishops and BL Mezz is satisfied in full; (ii) JBL HoldCo is obligated to finance the completion of the Resort renovations and its operations; (iii) BL Mezz receives the economic entitlement to receive from JBL HoldCo certain back-end distributions from Resort operations and/or disposition; and (iv) the loan between BL Santa Fe and Senior Lender is to be restructured.

11. Prior to the Petition Date, the Debtors solicited acceptances of the Plan. All classes entitled to vote, unanimously accepted the Plan.

12. On October 8, 2021, HRV Santa Fe, LLC, Richard Holland, and HRV Hotel Partners (the "HRV Parties"), LLC filed the *Objection of Richard F. Holland, HRV Santa Fe, LLC, and HRV Hotel Partners, LLC to Confirmation of the Chapter 11 Plan of BL Santa Fe, LLC and BL Santa Fe (Mezz), LLC* (the "Plan Objection"). *See* 21-11190 (MFW) at D.I. 129. In the Plan Objection, the HRV Parties assert, among other things, that "[t]he Debtors' execution and implementation of the RSA, without consideration of other alternatives that offer a better return for the estate and all stakeholders . . . [is a] dereliction of duty to the estate and its stakeholders . . . ." Plan Objection (21-11190 (MFW) at D.I. 129) at ¶ 35.

13. After an evidentiary hearing in the Delaware Bankruptcy Court on October 19, 2021, the Delaware Bankruptcy Court overruled the HRV Plan Objection and confirmed the Plan on October 21, 2021 pursuant to its *Findings of Fact, Conclusions of Law and Order (A) Approving Adequacy of Disclosure Statement, and (B) Confirming Chapter 11 Plan of BL Santa Fe, LLC and BL Santa Fe (Mezz), LLC* [D.I. 162] (the "Confirmation Order").

14. The Plan became effective on October 29, 2021 (the "Plan Effective Date") as set forth in the *Notice of (I) Entry of Confirmation Order and (II) Occurrence of the Plan Effective Date* [D.I. 171] (the "Effective Date Notice").

15. The Chapter 11 Cases are still open and pending before the Delaware Bankruptcy Court.

## GROUNDS FOR REMOVAL

16. Removal of the Action is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

17. Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as the Action, provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

18. Section 1334(b), in turn, provides in relevant part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). In enacting section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Jurisdiction over a proceeding that is "related to" a

bankruptcy case, such as the Action is to the Chapter 11 Cases, is the "broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also Hafen v. Adams (In re Hafen)*, 616 B.R. 570, 578 n.35 (B.A.P. 10th Cir. 2020) (citing *Celotex* for the proposition that "28 U.S.C. § 1334(b)'s 'related to' jurisdiction is intentionally broad"); *see also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) ("While 'related-to' jurisdiction is not limitless, it is fairly capacious … ." (internal citations omitted)); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir. 2015) ("This 'related to' jurisdiction is 'extremely broad.'" (quotation omitted)); *Boston Regional Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*, 410 F.3d 100, 106 (1st Cir. 2005) ("The statutory grant of 'related to' jurisdiction is quite broad."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (internal quotations omitted)); *Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) ("'Related to' jurisdiction has been defined quite broadly."); *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996) ("[T]he emphatic terms in which the jurisdictional grant is described in the legislative history, and extraordinarily broad wording of the grant itself, leave us with no doubt that Congress intended to grant to the district courts broad jurisdiction in bankruptcy cases."); *Coffey v. Anderson (In re PSLJ, Inc.)*, 873 F.2d 1440 (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case.").

19. An action is "related to" a bankruptcy case where its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d

{01919461;v1 }
4864-7612-1500
6
Case 24-01002-t    Doc 1    Filed 01/12/24    Entered 01/12/24 11:41:10 Page 6 of 11

984, 994 (3d Cir 1994). An action satisfies the "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* The Third Circuit has further clarified that such effects on the bankruptcy estate must be the product of the related action itself, "without the intervention of yet another lawsuit." *See In re Federal-Mogul Glob., Inc.*, 300 F.3d 368, 382 (3d Cir. 2002). The jurisdictional analysis for related-to jurisdiction "must be assessed at the outset of the dispute, and it is satisfied when the resolution has a potential effect on other creditors." *Bush v. United States*, 939 F.3d 839, 846 (7th Cir. 2019).[1]

20. Plaintiff's Derivative Complaint arises in, arises under, or is otherwise related to the Chapter 11 Cases and is, therefore, removable under 28 U.S.C. §1452(a) because, among other things, the Delaware Bankruptcy Court considered the issues raised in the Derivative Complaint and, over the HRV Parties' Plan Objection, confirmed the Plan. Specifically, the HRV Parties objected to the Plan because they allege that the Debtors breached their fiduciary duties when the Debtors, under the direction and control of an independent director, consented to and approved the transaction under the Plan—Juniper Bishops converting its debt to equity, the membership interests of BL Mezz and JBL HoldCo acquiring the membership interests and funding the

---

[1] Because the Bankruptcy Cases are currently pending before the Delaware Bankruptcy Court, the Defendants primarily rely on the Third Circuit's interpretation of the parameters of "related to" jurisdiction under 18 U.S.C. § 1334(b). However, the "any conceivable effect" test developed by the Third Circuit in *Pacor* has been endorsed by the United States Supreme Court and adopted by the vast majority of circuits "with little or no variation." *Celotex*, 514 U.S. at 308 n.6 (collecting cases); *see also, e.g.*, *SPV OSUS, Ltd.*, 882 F.3d at 340; *Estate of Jackson v. Schron (In re Fundamental Long Term Care, Inc.)*, 873 F.3d 1325, 1336-37 (11th Cir. 2017); *Fire Eagle L.L.C. v. Bischoff (In re Spillman Dev. Grp., Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013); *Waldman v. Stone*, 698 F.3d 910, 916 (6th Cir. 2012); *Love v. Federal Deposit Ins. Corp. (In re George Love Farming, LC)*, 420 F. App'x 788, 792 n.2 (10th Cir. 2011); *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1019 (8th Cir. 2009); *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007); *Boston Regional Med. Ctr., Inc.*, 410 F.3d at 105; *Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004). The Seventh Circuit has articulated a slightly different test for "related to" jurisdiction; however, a recent decision from that circuit indicates close alignment with the Pacor test. *See Bush*, 939 F.3d at 846.

renovations and operations of the Resort. Through the Derivative Complaint, HRV seeks to, in essence, unwind the Plan and collaterally attack the Confirmation Order. On an administrative level, the Debtors are very close to completing all claims litigation and closing the bankruptcy estates. With this Action pending against JBL HoldCo, the entity that owns the reorganized, BL Santa Fe, and JBL HoldCo's affiliates, the Debtors ability to close the bankruptcy estates will be curtailed.

21. In the Confirmation Order, the Delaware Bankruptcy Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including, but not limited to jurisdiction for the purposes set forth in Article XI of the Plan." Confirmation Order (21-11190 (MFW) at D.I. 162) at ¶ 41. In addition, the Plan expressly states that the Delaware Bankruptcy Court:

> shall retain exclusive jurisdiction . . . to, [among other things,] . . . enforce the Confirmation Order, . . . [and] hear, determine and resolve any cases, matters, controversies, suits, disputes, or Causes of Action in connection with or in any way related to the [Chapter 11 Cases], including . . . that may arise in connection with the Consummation, interpretation, implementation, or enforcement of the Plan, the Confirmation Order, and contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan . . . .

Plan (21-11190 (MFW)) at D.I. 162-1 at Art. XI. Given that HRV is collaterally attacking the implementation, consummation, and interpretation of the Plan, Confirmation Order and the transaction authorized thereunder through the Derivative Complaint, the Action is removable under 28 U.S.C. § 1452.

## **PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**.

22. Removal of this Action is timely pursuant to Bankruptcy Rule 9027(a)(3). This Notice of Removal was filed within the shorter of "(A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be

removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." Fed. R. Bankr. P. 9027(a)(3).

23. Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1). The State Court is located in the district and division of this Court.

24. The Defendants consent to the entry of final orders or judgment by the Court.

25. Upon removal from the State Court to the Court, the Defendants will move to transfer venue to the Delaware Bankruptcy Court where the Chapter 11 Cases are currently pending.

26. In accordance with Bankruptcy Rule 9027(a)(1), attached hereto as **Exhibit A** is a copy of the State Court case file for the Action, including all process, pleadings, and orders that have been filed, or entered by the State Court in the Action.

27. Promptly after filing this Notice of Removal, the Defendants will serve on all parties to the Action and file with the clerk of the State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

28. The Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove the Action.

29. Nothing in this Notice of Removal shall be interpreted as a wavier or relinquishment of the Defendants' rights to maintain or assert any affirmative defenses in this matter, including, without limitation, lack of personal jurisdiction, insufficiency of process, failure to state a claim, and any other defense available under applicable state or federal law.

Respectfully submitted this 12th day of January, 2024.

                      SNELL & WILMER, L.L.P.

By: */s/ Walker F. Crowson*
     Walker F. Crowson (#12196)
     One East Washington St., Suite 2700
     Phoenix, AZ 85004
     602.382.6000
     602.382.6070 fax
     wcrowson@swlaw.com

By: */s/ Steven D. Jerome*
     Steven D. Jerome
     (*pro hac vice submitted herewith*)
     One East Washington St., Suite 2700
     Phoenix, AZ 85004
     602.382.6000
     602.382.6070 fax
     sjerome@swlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that on January 12, 2024, the foregoing Notice of Removal was served via e-mail on the following:

Tommy Fibich
Fibich, Leebron, Copeland, & Briggs
1150 Bissonnet
Houston, TX 77005
tfibich@fibichlaw.com

David R. Deary
John W. McKenzie
Silvera Deary Ray LLP
17070 Dallas Parkway
Suite 100
Dallas, TX 75248
davidd@lfdslaw.com
johnm@lfdslaw.com

Jarrett L. Ellzey
Ellzey Hinojosa, LLP
Simms Building
400 Gold Ave. SW, Ste. 911
Albuquerque, NM 87102
jarrett@ellzeylaw.com

*Attorneys for Plaintiff*


/s/ Paula Shanahan
Paula Shanahan